UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Jennifer L. Walker, Matthew D. Keim,
Scott Y. L. Yee, James B. Johnson, and
Keith Minarik,

                        Plaintiff(s),

v.

C.H. Robinson Worldwide, Inc.,

                        Defendant(s).

CIVIL FILE NO. 06CV6521

Honorable Suzanne B. Conlon

---

Susan J. McGowan, Jodi L. Mitts, Nicol N.
Weiss, Ethan Hill, Jeffrey Pattyn, and
Michael J. Weiss,

                        Plaintiff(s),

v.

C.H. Robinson Worldwide, Inc.,

                        Defendant(s).

CIVIL FILE NO. 06CV6549

Honorable Suzanne B. Conlon

---

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE, MOTION FOR REASSIGNMENT AND MEMORANDUM IN SUPPORT THEREOF

## I. INTRODUCTION

Defendant's Motion to transfer the *McGowan* case to the Western District of Michigan and the *Walker* case to the Eastern District of Pennsylvania should be denied and, instead, these cases should be transferred to the District of Minnesota. Transferring these cases to different jurisdictions around the country will unnecessarily increase the

parties' litigation costs, burden the federal judiciary's scarce resources, and create a strong risk of inconsistent rulings with respect to the common issues of law. In contrast, transferring these cases to the District of Minnesota, where the defendant maintains its corporate headquarters, avoids these problems.

## II. PROCEDURAL BACKGROUND

Defendant's motion must be evaluated in the context of the larger overtime litigation in which C.H. Robinson Worldwide, Inc. ("CHRW") is a defendant in 102 cases, the vast bulk of which are currently pending in the Northern District of Illinois and the District of Minnesota.

On September 27, 2006, Judge Joan Ericksen of the District of Minnesota decertified two consolidated collective actions claiming that defendant CHRW violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by misclassifying the plaintiffs and opt-in plaintiffs as exempt and therefore failing to pay them overtime compensation when they worked more than 40 hours in a week. *Carlson v. C.H. Robinson Worldwide, Inc.,* 2006 U.S. Dist. LEXIS 71483 (D. Minn. Sept. 26, 2006). Pursuant to stipulation and order, the opt-in plaintiffs had 60 days to file actions before the statute of imitations commenced to re-run on their claims. For the convenience of the parties and their counsel, plaintiffs chose to file fifteen of the cases in the District of Minnesota, where they have been assigned to Judge Ericksen, and the remaining eighty-seven cases in the Northern District of Illinois.

Since that time, one judge in this district *sua sponte* transferred the cases assigned to him to the districts in which the plaintiffs worked.[1] By contrast, Judge Shadur sought briefing and input from the parties on this issue and, following a hearing on December 18, 2006, transferred the five cases assigned to him to the District of Minnesota, where they could proceed before Judge Ericksen, before whom the larger collective action case had proceeded for over four years.[2]

For all the foregoing reasons, Judge Shadur's approach should be adopted and these cases should be transferred to the District of Minnesota.

### III. LEGAL ARGUMENT

District courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that a transfer is warranted. *Heller Financial, Inc., v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). As a general proposition, cases should be transferred to the district where related actions are pending. *Adair v. Hunt International Resources Corp.*, 526 F.Supp. 736, 742 (N.D. Ill. 1981)

---

[1] *See Brewer, et. al. v. C. H. Robinson Worldwide, Inc.*, No. 06C-6537 (N.D. Ill. Dec. 4, 2006, Judge Castillo); *Eddy, et. al. v. C.H. Robinson Worldwide, Inc.*, No. 06C-6551 (N.D. Ill. Dec. 4, 2006, Judge Castillo); *Markle, et. al. v. C. H. Robinson Worldwide, Inc.*, No. 06C-6635 (N.D. Ill. Dec. 4, 2006, Judge Castillo); *Smith, et. al. v. C. H. Robinson Worldwide, Inc.*, No. 06C-6559 (N.D. Ill. Dec. 4, 2006, Judge Castillo); and *Wilcox v. C. H. Robinson Worldwide, Inc.*, No. 06C-6575 (N.D. Ill. Dec. 4, 2006, Judge Castillo).

[2] *See* 12/18/06 transfer order in *Dowden, et al. v. C.H. Robinson Worldwide, Inc.*, No. 06C-6505; *Shaw, et al. v. C.H. Robinson Worldwide, Inc.*, No. 06C-6526; *Martinez, et al. v. C. H. Robinson Worldwide, Inc.*, No. 06C-6562; *Alfaro, et. al. v. C.H. Robinson Worldwide, Inc.*, No. 06C-6570; *McInnis v. C.H. Robinson Worldwide, Inc.*, No. 06C-6662.

(citing *SEC v. First National Finance Corp.*, 392 F.Supp. 239, 241 (N.D. Ill. 1975). This serves the interest of judicial efficiency, as subsequent consolidation can occur and pretrial proceedings and discovery can be coordinated. *Hammond Corp. v. General Electric Credit Corp.*, 374 F.Supp. 1356, 1360 (N.D. Ill. 1974); *see also Payne v. AHFI Netherlands Bu*, 482 F. Supp. 1158, 1164 (N.D. Ill. 1980); *Bolton v. Tesoro Petroleum Corp.*, 549 F. Supp. 1312, 1316-17 (E.D. Pa. 1982).

After decertification, a total of 515 opt-in plaintiffs elected to continue to pursue their FLSA claims against CHRW. One hundred and thirty-four of them worked in the Northern District of Illinois, 55 of them worked in the District of Minnesota, and the others worked in a total of 35 different states, with no state having more than 17 plaintiffs. Plaintiffs' counsel thereafter filed 87 cases in this district and 15 in the District of Minnesota.

Unquestionably, all cases are properly venued in the District of Minnesota and the Northern District of Illinois under 28 U.S.C. § 1391. Section 1391(b) provides that a civil action "not founded solely on diversity of citizenship," such as these cases, may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State ... Section 1391(c) adds that "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction." The sole defendant, CHRW, is subject to personal jurisdiction in both the District of Minnesota and the Northern District of Illinois. It is headquartered in Eden Prairie, Minnesota, but it has a substantial presence in the Northern District of Illinois. Indeed,

CHRW has over 120 branches, including by far its largest branch, in and around Chicago, and more plaintiffs in the FLSA cases worked in the Northern District of Illinois than in any other judicial district, including the District of Minnesota. Thus, CHRW is subject to personal jurisdiction in both districts, and the cases against it may be brought in either district. In these cases, the interests of justice, and the convenience of the parties, require that they proceed in as small a number of venues as possible. Plaintiffs do not oppose transfer in this case, and therefore the only question before this Court is the district to which the action should be transferred.

The District of Minnesota is the most appropriate venue choice consistent with 28 U.S.C. § 1404(a). Judge Ericksen is intimately familiar with the history of this litigation and the mountain of evidence which has been developed to date. The cases filed in the District of Minnesota and those transferred to that district have been assigned to Judge Ericksen as related and the efficiencies to be gained by such consolidation are already occurring. For instance, the parties are currently scheduled to conduct a "summary jury trial" on the overtime claims of four plaintiffs during the week of April 9th, before Magistrate Judge Jeanne Graham. The goal of the SJT is to receive non-binding verdicts in broadly representative cases, which the parties will then consider in an attempt to resolve all the claims asserted in all pending cases. Moreover, if the remaining cases proceed, discovery and all pretrial proceedings can be coordinated through Judge Ericksen and Magistrate Judge Graham.

CHRW's ill-conceived request to scatter all of these cases to the districts in which the plaintiffs worked threatens the efficiencies which have been and would be achieved by concentrating this ongoing litigation in as few venues as possible, as well as dramatically increasing the risk of inconsistent adjudications. This risk alone is sufficient to reject CHRW's venue request and transfer this case to the District of Minnesota. *See Archer Daniels Midland Co., v. Hartford Fire Ins. Co.*, 243 F.3d 369, 371-72 (7th Cir. 2001) ("sundering the dispute carries with it the risk of inconsistent outcomes, which cannot be rectified on appeal because the districts are in different circuits."). The District of Minnesota is thus the only appropriate venue choice for transfer.

On a final note, plaintiffs' counsel has, before Judge St. Eve in the first-filed cases in this district, moved to have all cases in this district reassigned to Judge St. Eve and consolidated for the sole purpose of resolving the venue issue. *See Hyde v. C.H. Robinson Worldwide, Inc.*, No. 06C-6458; *Sparks, et. al., v. C.H. Robinson Worldwide, Inc.*, No. 06C-6461. This reassignment is fully supported by Local Rule 40.4, and this request is renewed before this Court. *See* Attached Motion for Reassignment of Cases as Related and Memorandum in Support Thereof.

## IV. CONCLUSION

For all of the foregoing reasons, this case should be transferred to the District of Minnesota. In the alternative, this case should be reassigned to Judge St. Eve for a decision on the appropriate venue for all cases currently pending in this district.

**ARNOLD AND KADJAN**

Date: _____     By: _____
                                    L. Steven Platt (Atty. #3122005)
                                    19 W. Jackson, 3rd FLoor
                                    Chicago, IL 60604
                                    (312) 236-0415

                                    Seymour J. Mansfield (MN Atty #67271)
                                    Lawrence P. Schaefer (MN Atty #195583
                                    Of Counsel to Mansfield Tanick & Cohen
                                    Charles A. Horowitz (MN Atty #294767)
                                    Jean B. Roth (MN Atty #0348181)
                                    MANSFIELD TANICK & COHEN
                                    1700 U.S. Bank Plaza South
                                    220 South Sixth Street
                                    Minneapolis, MN 55402-4511
                                    (612) 339-4295

                                    Steven M. Sprenger (DC Atty #418736)
                                    Michael Lieder (DC Atty#444273)
                                    SPRENGER & LANG, PLLC
                                    1400 Eye Street, N.W., Suite 500
                                    Washington, D>C. 20005
                                    (202) 265-8010

                                    Attorneys for Plaintiffs

#439304

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Natesha M. Hyde, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Case No. 06CV-6458 |
| | ) | |
| C.H. Robinson Worldwide, Inc., | ) | Hon. Amy J. St. Eve |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| Evelyn Sparks, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | Case No. 1:06-cv-6461 |
| | ) | |
| C.H. Robinson Worldwide, Inc., | ) | Hon. Amy J. St. Eve |
| | ) | |
| *Defendant.* | ) | |

## Plaintiffs' Motion For Reassignment of Cases as Related
## and Memorandum In Support Thereof

Plaintiffs in the above-referenced cases, by and through their counsel, hereby move the Court pursuant to Local Rule 40.4 to (1) make a determination that the cases listed on the attached Exhibit A are "related," (2) reassign those cases to this Court to facilitate efficient case management, (3) transfer the cases involving defendant's branch offices that are not located in this District to the District of Minnesota, and (4) consolidate the other cases involving Illinois branch offices before this Court for all pre-trial purposes pursuant to Fed. R. Civ. P. 42(a), subject to the approval of the Court's Executive Committee as required by Local Rule 40.4(d). In support of this motion, Plaintiffs' counsel states as follows:

1.      These actions and the actions listed on Exhibit A were filed in this District the week of November 27, 2006. These cases are listed on this exhibit by judicial

assignment. They arise out of a September 27, 2006 Order decertifying two consolidated Fair Labor Standards Act collective actions seeking unpaid overtime. *See Johnson et al. v. C.H. Robinson Worldwide, Inc.,* No. CV-02-4261 and *Carlson et al. v. C.H. Robinson Worldwide, Inc.,* No. CV-02-3780 (D. Minn. 9/27/2006) (JNE/JJG).

2.     The *Hyde* case was the first filed among a total of 88 cases filed in this District. As originally filed, there were 464 plaintiffs asserting claims in the 88 cases filed in this District. An additional 57 plaintiffs asserted their claims in 14 actions filed in the District of Minnesota, where defendant maintains its corporate headquarters. Several judges in this District, including Judges Castillo and Shadur, have transferred cases assigned to them to other districts, including the District of Minnesota. At present, there are more than 50 actions pending in this District, which are currently assigned to many different judges.

3.     The parties have agreed to extend the time for defendant to plead to the complaints filed in all cases up through and including February 1, 2007 in order to allow themselves sufficient time to explore the possibility of resolving these cases through negotiated settlements, either as a group or individually.

4.     If these cases are not resolved, the issue of the appropriate venue for the cases which involve defendant's branch offices not located in this District will likely arise as an issue in every one of these cases.[1]  These cases are therefore "related" for the purpose of this issue pursuant to Local Rule 40.4. Whether to reassign a case under Local Rule 40.4 lies within the sound discretion of this Court. *Clark v. Ins. Car Rentals Inc.,* 42 F.Supp.2d 846, 847 (N.D.Ill.1999). Local Rule 40.4(a) "does not require

---

[1] This Court requested that the parties address this issue in the December 8, 2007, status conference in *Sparks, et al. v. C .H. Robinson Worldwide, Inc.,* No. 06-6461.

2018447

complete identity of issues in order for cases to be considered related," *Fairbanks Capital Corp. v. Jenkins,* 02-C-3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov.25, 2002); rather, it is enough that the cases "involve *some* of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc.,* 02-C-5893, 2003 WL 21011757, at *3 (N.D. Ill. May 5, 2003) (emphasis in original). Under Local Rule 40.4(a)(2) these cases involve the identical issues for purposes of determining the appropriate venue under 28 U.S.C. § 1404(a): whether plaintiffs who worked in branch offices outside of Illinois may pursue their claims in this District and, if not, whether the action should be transferred to the District of Minnesota or the judicial district in which the plaintiff(s) worked.

    5.    Plaintiffs submitted a Memorandum regarding venue to Judge Shadur in advance of a December 18, 2006 hearing in the cases assigned to him. A copy of the Memorandum is attached hereto as Exhibit B. As the Memorandum makes clear, venue is proper for these cases in this District under 28 U.S.C. § 1391. Plaintiffs, however, do not oppose a transfer of these cases to the District of Minnesota, which Judge Shadur ordered in the cases to which he was assigned. These cases can then proceed before Judge Erickson, who is familiar with all of the issues that will likely arise in discovery and on the merits given the extensive proceedings which have occurred before her to date in the *Carlson* and *Johnson* cases. Defendant's counsel has indicated that defendant will likely oppose such a transfer to the District of Minnesota, but regardless of defendant's position, Local Rule 40.4(a) (2) and (b) (1)-(4) all strongly support reassigning these cases to one judge for the purpose of deciding the venue issue. A single transfer order can encompass all of these cases following reassignment.

3

6. Following reassignment and transfer of the non-Illinois cases, the following six cases will remain in this District: *Sparks, et al. v. C H Robinson Worldwide, Inc.,* 06-6461 (St. Eve, J.); *Ciaglia, et al. v. C H Robinson Worldwide, Inc.,* 06-6507 (Lindberg, J.); *McGill, et. al. v. C.H. Robinson Worldwide, Inc.,* 06-6510 (St. Eve, J.); *Elke, et al. v. C H Robinson Worldwide, Inc.,* 06-6552 (Kennelly, J.); *Rogenic v. C H Robinson Worldwide, Inc.,* 06-6553 (Zagel, J.); *Poepsel v. C H Robinson Worldwide, Inc.,* 06-6664 (Bucklo, J.). The parties anticipate that these actions will present the same discovery and other pre-trial issues, and therefore seek to have all of these cases consolidated and assigned to one judge or magistrate judge for all pretrial purposes. Each of these cases share the same underlying issues on the merits and as to damages – namely, whether the plaintiffs are properly classified as exempt under the Fair Labor Standards Act ("FLSA") and, if not, the amount of overtime worked and the appropriate measure of damages. They are all therefore related pursuant to Rule 40.4(a)(2) and may be consolidated pursuant to Fed. R. Civ. P. 42(a). The cases also all grow out of the same "transaction or occurrence," namely defendant's practice of categorizing all of its salaried workforce as exempt from under the FLSA, and therefore consolidation and reassignment is also appropriate pursuant to Local Rule 40.4(a)(3). *See, e.g., Smith v. Northeastern Illinois University,* 2002 WL 377725, *2 (N.D. Ill. 2002) (denying motion to sever race discrimination cases previously consolidated under Local Rule 40.4).

7. The Rule 40.4(b)(1)-(4) conditions for reassignment and consolidation of these remaining cases before one judge are met. The cases are all pending before this Court, the handling of all of these cases by the same judge for all pre-trial purposes will result in a substantial savings of judicial time and effort, none of the cases have

proceeded to the point where reassignment and consolidation would delay the proceedings, and the cases, particularly for pre-trial purposes, are susceptible to disposition in a single proceeding. Finally, reassignment and consolidation for pretrial purposes does not mean that these cases will be tried together. *See Popovich v. McDonald's Corp.*, 189 F. Supp. 2d 772, 778 (N.D. Ill. 2002) (following Local Rule 40.4 reassignment order, "Court defers for later the resolution of whether the cases should be tried jointly.")

8.     The parties therefore believe that pre-trial activities, including all discovery and scheduling issues, would be most efficiently managed if all of the actions were assigned to a single judge or magistrate judge for those purposes.

WHEREFORE, Plaintiffs respectfully request that the actions listed on the attached Exhibit A be reassigned to this Court for purpose of deciding the venue issue, and Plaintiffs and Defendant request that the remaining six cases involving Illinois branches be reassigned to single judge or magistrate judge to oversee discovery and handle all non-dispositive pre-trial motions and status calls, pending approval by the Executive Committee pursuant to Local Rule 40.4(d).

2018447

This 24th day of January, 2007.

Respectfully submitted,

   /s/  L. Steven Platt
L. Steven Platt (IL Atty # 3122005)
ARNOLD AND KADJAN
19 W. Jackson, 3rd Floor
Chicago, IL 60604
(312) 236-0415

*Attorney for Plaintiffs*

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Christopher L. Sims, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6520 | Andersen | Hearing 1/18/07 @ 9:00 re: Ext. of Time to Answer. Case referred to MJ Denlow for discovery supervision | Louisville | 2 |
| Shannon D. Anderson, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6527 | Andersen | Hearing 1/18/07 @ 9:00 re: Ext. of Time to Answer. | Winston-Salem | 4 |
| Ariel Crotty, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6630 | Andersen | Status hearing held 1/11/07. Discovery cut-off 07/02/07 | New York | 6 |
| Lynn A. Amorose, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6463 | Bucklo | Hearing 1/10/07 @ 9:15 re: Ext. of Time to Answer. | Atlanta North | 6 |
| Richard Cahn, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6512 | Bucklo | Mot. For Ext. of Time to Answer Granted 12/22/06 | Shreveport | 7 |
| Kari S. Johnson, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6629 | Bucklo | Mot. For Ext. of Time to Answer Granted 12/22/06 | Nashville | 4 |
| Heidi Michelle Poepsel v. C. H. Robinson Worldwide, Inc. | 06-6664 | Bucklo | Mot. For Ext. of Time to Answer Granted 12/22/06. Deadline for Answer 2/1/07. | Peoria | 1 |
| John Gino Giovannoni v. C. H. Robinson Worldwide, Inc. | 06-6517 | Castillo | Mot. For Ext. of Time to Answer Granted 1/4/07. Transferred to District of Minnesota on 12/4/06 | Pleasanton | 1 |
| Rodney Brewer, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6537 | Castillo | Transferred to District of South Carolina on 12/22/06. | Columbia | 4 |
| Donna F. Eddy, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6551 | Castillo | Transferred to Northern District of Alabama on 12/04/06 | Huntsville | 5 |

Exhibit A, Page 1 of 12

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Aaron Smith, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6559 | Castillo | **Transferred to the Northern District of Texas on 12/18/06. Ct. File. No. 06-2354** | Plano | 3 |
| Catherine A. Wilcox v. C. H. Robinson Worldwide, Inc. | 06-6575 | Castillo | **Transferred to the Southern District of Indiana on 12/04/06. Ct. File. No. 06-197** | Evansville | 1 |
| Heather Lee Markle, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6635 | Castillo | **Transferred to the Western District of Missouri (Kansas City) on 12/15/06. Ct. File. No. 06-197** | St. Louis | 5 |
| Jason S. Galloway v. C. H. Robinson Worldwide, Inc. | 06-6487 | Coar | Hearing 1/8/07 @ 9:00 re: Ext. of Time to Answer. Status Hearing 1/31/07 @ 9:00, Room 2188 | Whitefish | 1 |
| Bryce A. Amburn, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6514 | Coar | Hearing held 1/8/07. Def's Motion to Ext. of Time to Answer - GRANTED. | San Diego | 2 |
| Kent Alles, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6522 | Coar | Hearing Amended to 1/8/07 @ 9:00 re: Ext. of Time to Answer. | Irvine | 6 |
| Maria Teresa Diaz, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6523 | Coar | Hearing 1/8/07 @ 9:00 re: Ext. of Time to Answer. | Miami | 11 |
| Thea Winterbottom, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6535 | Coar | Hearing 1/8/07 @ 9:00 re: Ext. of Time to Answer. | Richmond | 4 |
| Marc Dorau, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6541 | Coar | Hearing 1/8/07 @ 9:00 re: Ext. of Time to Answer. | Iowa City | 5 |

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Wallace Kip Guenther, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6577 | Coar | Hearing 1/8/07 @ 9:00 re: Ext. of Time to Answer. | Pittsburgh | 3 |
| Jennifer L. Walker, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6521 | Conlon | Motion to Extend Time to Answer Granted on 12/28/06. No more Extensions. Status Hearing 1/18/07 @9:00 A.M. | Philadelphia | 5 |
| Susan J. McGowan, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6549 | Conlon | Motion to Extend Time to Answer Granted on 1/3/07. No more Extensions. Status Hearing **Reset for 1/18/07 @9:00 A.M.** | Grand Rapids | 6 |
| Arlene J. Murray, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6509 | Darrah | Motion to Extend Time to Answer Granted on 12/26/06. Status Hearing 2/14/07 @ 9:00 a.m. | Coralville | 3 |
| Richelle Maki, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6557 | Darrah | Hearing 1/18/07 @ 9:00 A.M. Status Hearing 2/14/07 @ 9:00 a.m. | Valley Forge | 6 |
| Christina M. Doto, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6631 | Darrah | Motion to Extend Time to Answer Granted on 12/26/06. Status Hearing 2/14/07 @ 9:00 a.m. | Secaucus | 3 |
| Gladys Garcia, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6569 | Der-Yeghiayan | Motion to Extend Time to Answer Granted on 1/3/07. **Transferred to the Eastern District of California, Fresno Division on 1/8/07** | Fresno | 7 |

Exhibit A, Page 3 of 12

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Kimberly Elam, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6628 | Der-Yeghiayan | Hearing 1/4/07 @ 9:00 re: Ext. of Time to Answer. Status Hearing set 1/30/07 @ 9:00 a.m. **Status Report due 4 working days before hearing (1/24/07).** | San Francisco | 6 |
| Shannon Davis v. C. H. Robinson Worldwide, Inc. | 06-6666 | Filip | **Transferred to District of Minnesota on 1/9/07** | Mobile | 1 |
| Stephanie Smith, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6511 | Gettleman | Motion to Extend Time to Answer Granted on 1/3/07. | Dallas | 9 |
| Allison M. Cassie, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6513 | Gettleman | Bryan J. Brown's case voluntarily dismissed 12/05/06. Motion to Extend Time to Answer **Granted on 1/04/07** | Portland | 1 after Amended Complaint |
| Timothy J. Bumgarner, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6518 | Gettleman | Motion to Extend Time to Answer Granted on 1/3/07. | Oklahoma City | 5 |
| Adelita Dickson, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6544 | Gettleman | Motion to Extend Time to Answer Granted on 1/3/07. | San Antonio | 5 |
| Mimi Vuong v. C. H. Robinson Worldwide, Inc. | 06-6668 | Gettleman | Motion to Extend Time to Answer Granted on 1/3/07. | Los Angeles | 1 |
| Nancy Austin, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6669 | Gettleman | Motion to Extend Time to Answer Granted on 1/3/07. | Los Angeles West | 4 |

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Brendan M. Clarke, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6581 | Gottschall | 12/7/06 Motion to Dismiss Brendan M. Clarke. Hearing re: Motion to Extend Time to Answer 12/28/06 @ 9:30 A.M. | Columbus | 4 |
| Amber Vandersommen, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6582 | Gottschall | Motion to Extend Time to Answer Granted on 1/3/07. Status hearing 2/7/07 @ 9:30 A.M. | Jackson | 3 |
| Leslie Nemelka, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6623 | Gottschall | Motion to Extend Time to Answer Granted on 1/3/07. Status hearing 2/7/07 @ 9:30 A.M. | Nogales | 6 |
| Terri Kuvach, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6460 | Grady | Hearing 1/10/07 @ 10:30 A.M. re: Ext. of Time to Answer. | Atlanta | 10 |
| Carolyn Baker Hall, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6565 | Grady | Hearing 1/30/07 @ 9:00 A.M. re: Ext. of Time to Answer. | Knoxville | 2 |
| Leslie D. Birdwell, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6661 | Grady | Hearing 1/10/07 @ 11:00 A.M. re: Ext. of Time to Answer. | Springfield | 3 |
| LaToya R. McCants, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6556 | Guzman | Motion to Extend Time to Answer Granted on 1/3/07. Status Hearing 2/2/07 @ 9:30 a.m. | Charlotte | 2 |
| Laura L. Jeneault, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6634 | Guzman | Motion to Extend Time to Answer Granted on 1/3/07. Status Hearing 2/2/07 @ 9:30 a.m. | Syracuse | 5 |
| Angela L. Jacobson v. C. H. Robinson Worldwide, Inc. | 06-6465 | Hart | Motion to Extend Time to Answer Granted on 12/27/06. | Hartford | 1 |

Exhibit A, Page 5 of 12

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Michael Blackburn v. C. H. Robinson Worldwide, Inc. | 06-6563 | Hart | Motion to Extend Time to Answer Granted on 12/27/06. Status hearing 1/17/07 @ 11:00 A.M. | Phoenix | 1 |
| Esther Nevarez, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6502 | Hibbler | Hearing 1/10/07 @ 9:30 A.M. re: Ext. of Time to Answer. | Yakima | 3 |
| Jennifer L. Alfano, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6504 | Holderman | Hearing 1/11/07 @ 9:00 A.M. re: Ext. of Time to Answer. | Detroit | 17 |
| Celeste A. Hernandez, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6525 | Holderman | Motion to Extend Time to Answer Granted on 1/2/07. | Miami North | 4 |
| Erika DeRoberts, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6554 | Holderman | Motion to Extend Time to Answer Granted on 1/3/07. | Greenville | 2 |
| Sharon Haack v. C. H. Robinson Worldwide, Inc. | 06-6665 | Holderman | Hearing 1/11/07 @ 9:00 A.M. re: Ext. of Time to Answer. | Omaha | 1 |
| Scott D. Hyder, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6503 | Kennelly | Motion to Extend Time to Answer Granted on 1/3/07. | Visalia | 3 |
| Joann Elke, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6552 | Kennelly | Motion to Extend Time to Answer Granted on 1/3/07. Status hearing 1/31/07 @ 9:00 A.M. | Chicago North | 6 |
| Jacqueline Burt, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6540 | Kocoras | Motion to Extend Time to Answer Granted on 1/3/07.  Status hearing set for 2/1/07 @ 9:30 A.M. | Birmingham | 4 |
| Jason K. Bergquist, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6515 | LeKow | Motion to Extend Time to Answer Granted on 1/3/07. | Salt Lake City | 7 |

Exhibit A, Page 6 of 12

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Brenda Mitchell, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6538 | Lefkow | Hearing 1/4/07 @ 9:30 A.M. re: Ext. of Time to Answer. | T-Chek NNTS | 2 |
| Wendy L. Ferger, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6632 | Lefkow | Hearing 1/4/07 @ 9:30 A.M. re: Ext. of Time to Answer. | Seattle | 4 |
| Morgan J. Wood, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6519 | Leinenweber | Motion to Extend Time to Answer Granted on 1/3/07. | New Orleans | 2 |
| Lisa M. Quigley, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6560 | Leinenweber | Motion to Extend Time to Answer Granted on 1/3/07. | Wichita | 2 |
| Carla M. Strugala v. C. H. Robinson Worldwide, Inc. | 06-6464 | Lindberg | Motion to Extend Time to Answer Granted on 1/3/07. | Ann Arbor | 1 |
| Ann K. Ciaglia, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6507 | Lindberg | Motion to Extend Time to Answer Granted on 1/3/07. | Chicago South | 18 |
| Julie Gallagher, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6459 | Manning | Hearing 1/9/07 @ 11:00 A.M. re: Ext. of Time to Answer. | Cleveland | 2 |
| Marni A. Danielson, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6506 | Manning | Motion to Extend Time to Answer Granted on 1/4/07. Status Hearing 2/8/07 at 11:00 a.m. | Denver | 4 |
| Dirk Keiser, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6529 | Manning | Hearing 1/9/07 @ 11:00 A.M. re: Ext. of Time to Answer. Status Hearing 1/25/07 at 11:00 a.m. | Albuquerque | 2 |
| Kim M. Flowers, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6636 | Manning | Hearing 1/9/07 @ 11:00 A.M. re: Ext. of Time to Answer. Status Hearing 1/25/07 @ 11:00 a.m. | Spokane | 4 |

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Debra J. Wentworth v. C. H. Robinson Worldwide, Inc. | 06-6663 | Manning | Hearing 1/9/07 @ 11:00 A.M. re: Ext. of Time to Answer. Status Hearing 1/25/07 @ 11:00 a.m. | Reno | 1 |
| Nora Hageman, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6530 | Marovich | Hearing 1/9/07 @ 10:30 A.M. re: Ext. of Time to Answer. | Cincinnati | 3 |
| Patricia A. Parrish, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6568 | Marovich | Hearing 1/9/07 @ 10:30 A.M. re: Ext. of Time to Answer. | Lubbock | 2 |
| Craig Bowen, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6516 | Nordberg | Motion to Extend Time to Answer Granted on 12/26/06. | Rochester | 3 |
| Lynette DiNova, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6545 | Nordberg | Motion to Extend Time to Answer Granted on 12/26/06. | Tampa | 12 |
| Sharon K. Dodson-McDonald, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6564 | Nordberg | Motion to Extend Time to Answer Granted on 12/26/06. | Houston | 8 |
| Cheryl D. Braithwaite, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6462 | Pallmeyer | Motion to Extend Time to Answer Granted on 12/22/06. 2/13/07 - Report due to Judge. Pretrial Conference 2/15/07 @ 9:00. | Boston | 8 |
| Sally J. Dowden, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6505 | Shadur | **Transferred to District of Minnesota on 12/18/06** | Des Moines | 2 |
| Beth Shaw, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6526 | Shadur | **Transferred to District of Minnesota on 12/18/06** | Orlando | 3 |
| Claudia Alicia Martinez, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6562 | Shadur | **Transferred to District of Minnesota on 12/18/06** | Laredo | 2 |

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Amelia M. Alfaro, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6570 | Shadur | **Transferred to District of Minnesota on 12/18/06.** | Fort Wayne | 10 |
| Jennifer N. McInnis v. C. H. Robinson Worldwide, Inc. | 06-6662 | Shadur | **Transferred to District of Minnesota on 12/18/06** | Sacramento | 1 |
| Natesha M. Hyde v. C. H. Robinson Worldwide, Inc. | 06-6458 | St. Eve | Consolidated actions 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659 under 06C-6458. Joint Status **Report due 1/3/2007**. Status hearing set for **1/8/07 at 8:45 am in courtroom 1241.** | Jacksonville | 1 |
| Evelyn Sparks, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6461 | St. Eve | Consolidated under 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659 06C-6458. Motion Ext. Time to Answer Granted 12/22/06. Joint Status **Report due 1/3/2007**. Status hearing set for **1/8/07 at 8:45 am in courtroom 1241.** | Chicago Central | 103 after Amended Complaint |
| Joanne M. McGill, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6510 | St. Eve | Consolidated under 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659. Joint Status **Report due 1/3/2007**. Status hearing set for **1/8/07 at 8:45 am in courtroom 1241.** | Chicago West | 5 |

Exhibit A, Page 9 of 12

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Timothy W. Baierlein, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6531 | St. Eve | Consolidated actions 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659 under 06C-6458. Joint Status **Report due 1/3/2007. Status hearing set for 1/8/07 at 8:45 am in courtroom 1241.** | Buffalo | 7 |
| Tracy Buglione, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6532 | St. Eve | Consolidated actions 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659 under 06C-6458. Joint Status **Report due 1/3/2007. Status hearing set for 1/8/07 at 8:45 am in courtroom 1241.** | Ormond Beach | 4 |
| Tammy L. Gately, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6561 | St. Eve | Consolidated actions 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659 under 06C-6458. Motion to Extend Time to Answer **Granted on 12/22/06. Joint Status Report due 1/3/2007. Status** hearing set for **1/8/07 at 8:45 am in** courtroom 1241. | Little Rock | 2 |

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Kimberly K.Bethel, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6567 | St. Eve | Consolidated actions 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659 under 06C-6458.     Motion to Extend Time to Answer **Granted on 12/22/06. Joint Status Report due 1/3/2007. Status hearing set for 1/8/07 at 8:45 am in courtroom 1241.** | Kansas City | 6 |
| Rhea L. Nadler, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6580 | St. Eve | Consolidated actions 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659 under 06C-6458. Motion to Extend Time to Answer Granted on 12/22/06. Joint Status **Report due 1/3/2007. Status hearing set for 1/8/07 at 8:45 am in courtroom 1241.** | Memphis | 4 |
| Angela K. Smoot v. C. H. Robinson Worldwide, Inc. | 06-6659 | St. Eve | Consolidated actions 06C-6458, 06C-6510, 06C-6531, 06C-6532, 06C-6561, 06C-6567, 06C-6580, 06C-6659 under 06C-6458. Motion For Ext. of Time to Answer **Granted 12/22/06. Joint Status Report due 1/3/2007. Status hearing set for 1/8/07 at 8:45 am in courtroom 1241.** | Sioux Falls | 1 |

Exhibit A, Page 11 of 12

## EXHIBIT A

| Plaintiff Names | COURT FILE NO. | JUDGE ASSIGNMENT | ACTION TAKEN | BRANCH | # OF PLS. |
|---|---|---|---|---|---|
| Jennifer L. Alfano, et. al. v. C. H. Robinson Worldwide, Inc. | | Summons & Complaint Not Yet Returned | | Raleigh | 2 |
| Tara Kathleen Camfield, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6536 | Zagel | Motion to Extend Time to Answer Granted on 1/27/06. Transferred to the Western District of Wisconsin on 1/8/07 | Madison | 2 |
| Roy Rogenic, et. al. v. C. H. Robinson Worldwide, Inc. | 06-6553 | Zagel | Motion to Extend Time to Answer Granted on 12/27/06. | Chicago | 3 |
| Kelly K. Hoell v. C. H. Robinson Worldwide, Inc. | 06-6667 | Zagel | Parties given three weeks from date of Order to provide brief why this case should not be transferred to the Eastern District of Wisconsin (DEADLINE - 1/29/07) | Milwaukee | 1 |

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SALLY J. DOWDEN, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.    06 C 6505 |
| | ) | |
| C.H. ROBINSON WORLDWIDE, INC., | ) | Honorable Milton I. Shadur |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| BETH SHAW, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.    06 C 6526 |
| | ) | |
| C.H. ROBINSON WORLDWIDE, INC., | ) | Honorable Milton I. Shadur |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| CLAUDIA ALICIA MARTINEZ, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.    06C 6562 |
| | ) | |
| C.H. ROBINSON WORLDWIDE, INC., | ) | Honorable Milton I. Shadur |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| AMELIA A. ALFARO, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.    06 C 6570 |
| | ) | |
| C.H. ROBINSON WORLDWIDE, INC., | ) | Honorable Milton I. Shadur |
| | ) | |
| Defendant. | ) | |

EXHIBIT   B

JENNIFER N. MCINNIS,                    )
                                        )
                      Plaintiff,        )
                                        )
        v.                              )       No.    06 C 6662
                                        )
C.H. ROBINSON WORLDWIDE, INC.,          )       Honorable Milton I. Shadur
                                        )
                      Defendant.        )
                                        )

## PLAINTIFFS' MEMORANDUM CONCERNING VENUE OF FLSA ACTIONS

On September 27, 2006, Judge Joan Ericksen of the District of Minnesota decertified two consolidated collective actions claiming that defendant C.H. Robinson Worldwide, Inc. ("CHRW") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by misclassifying the plaintiffs and opt-in plaintiffs as exempt and therefore failing to pay them overtime compensation when they worked more than 40 hours in a week. *Carlson v. C.H. Robinson Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 71483 (D. Minn. Sept. 26, 2006). Pursuant to stipulation and order, the opt-in plaintiffs had 60 days to file actions before the statute of limitations commenced to re-run on their claims. For the convenience of the parties and their counsel, plaintiffs chose to file some of the cases in the District of Minnesota, where they have been assigned to Judge Ericksen, and the remaining cases in the Northern District of Illinois. This memorandum explains why plaintiffs' elections as to venue are appropriate and should not be disturbed.

Unquestionably, all cases are properly venued in the District of Minnesota and the Northern District of Illinois under 28 U.S.C. § 1391. Section 1391(b) provides that a civil action "not founded solely on diversity of citizenship," such as these cases, may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State ... ." Section 1391(c) adds that "a defendant that is a corporation shall be deemed to reside in any

judicial district in which it is subject to personal jurisdiction." The sole defendant, CHRW, is
subject to personal jurisdiction in both the District of Minnesota and the Northern District of
Illinois. It is headquartered in Eden Prairie, Minnesota, but it has a substantial presence in the
Northern District of Illinois. Indeed, CHRW has 3 branches, including by far its largest branch,
in and around Chicago, and as explained in more detail below more plaintiffs in the FLSA cases
worked in the Northern District of Illinois than in any other judicial district, including the
District of Minnesota. Thus, CHRW is subject to personal jurisdiction in both districts, and the
cases against it may be brought in either district.

The only issue therefore is whether the cases currently assigned to this Court should be
transferred to another district pursuant to 28 U.S.C. § 1404(a). In deciding whether to transfer
the case, a court should consider "the plaintiff's choice of forum, the convenience of the parties
and the witnesses, as well as the interest of justice." *Roberts & Schaefer Co. v. Merit Contr.*, 99
F.3d 248, 254 (7th Cir. 1996). "[A] plaintiff's choice of forum is entitled to considerable
deference," *In re Nat'l Presto Indus.*, 347 F.3d 662, 663 (7th Cir. 2003); "'unless the balance is
strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed,'" *id.*
(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). In this case, the balance is not
strongly against plaintiffs' choice. Indeed, as discussed below, plaintiffs made the most
reasonable choices as to venue, although satisfaction of that standard is not necessary for the
cases to remain in this district.

After decertification, a total of 515 opt-ins elected to continue to pursue their FLSA
claims against CHRW. 134 of them worked in the Northern District of Illinois, 55 of them
worked in the District of Minnesota, and the others worked in a total of 35 different states, with
no state having more than 17 plaintiffs.

3

For the convenience of the parties, it is reasonable to concentrate the litigation in a small number of venues. Litigation over the FLSA claims has been ongoing for over four years, and present counsel for plaintiffs and CHRW are familiar with the legal issues and the mountain of evidence that has been developed. If the cases were venued all over the United States, each party either would have to litigate the case through new counsel located in each jurisdiction or would have to fly its existing, knowledgeable counsel all over the United States. Each alternative would involve a tremendous amount of waste, either in bringing new counsel up to speed or in travel time and expense.

Normally, the convenience of counsel has little if any importance in deciding whether to transfer a case pursuant to 28 U.S.C. § 1404(a). *Chicago, Rock Island & Pacific R.R. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). However, when litigation has been ongoing and transfer of a case would necessitate the education of new counsel or other substantial litigation expenses, selecting a venue that accommodates counsel is a proper and substantial consideration. *See Borden, Inc. v. Texaco, Inc.*, 526 F. Supp. 1291, 1296-97 (S.D. Ohio 1981) (refusing to transfer case in part because, after defendant initially expressed satisfaction with venue, plaintiff incurred substantial costs educating counsel and setting up litigation support services in plaintiff's chosen venue).

Concentration of the litigation in a small number of venues also serves the interests of justice. Litigation throughout the country also would make it difficult if not impossible to coordinate the remaining discovery, resulting in wasteful expenditure of time and resources in discovery. The same type of waste would apply to legal issues. Even though Judge Ericksen ultimately decided that the opt-in plaintiffs were not similarly situated to the named plaintiffs, there are many legal issues common to all of the claims. For example, on December 11, 2006,

4

CHRW filed a motion and brief with Judge Ericksen in the cases involving the original named plaintiffs raising the issue whether the flexible workweek doctrine should apply to limit plaintiffs' damages. If the cases are scattered throughout the country, there would be no reason for plaintiffs not to raise the same issue in front of other courts if they lose in front of Judge Ericksen. This possibility raises the risk of inconsistent adjudications. *See Archer Daniels Midland Co. v. Hartford Fire Ins. Co.*, 243 F.3d 369, 371-72 (7th Cir. 2001) ("Sundering the dispute carries with it the risk of inconsistent outcomes, which cannot be rectified on appeal because the districts are in different circuits").

The advantages of concentration of the litigation would have made it desirable for plaintiffs to have filed a single case. Judge Ericksen's decertification decision, however, suggested that plaintiffs who worked in different branches could not properly be joined in a single lawsuit under Fed. R. Civ. P. 20. Accordingly, different lawsuits were filed for plaintiffs who worked in each branch. If the Court does not transfer these cases to other districts, however, plaintiffs intend to seek consolidation of all of the cases filed in this district, at least for pretrial purposes, in front of a single judge.

Plaintiffs had four reasonable venue choices in concentrating the cases in a small number of venues given the distribution of plaintiffs: (1) file all cases in the Northern District of Illinois; (2) file all cases in the District of Minnesota; (3) file in the Northern District of Illinois the cases of plaintiffs who worked in this district and file all other cases in the District of Minnesota; or (4) file in the District of Minnesota the cases of plaintiffs who worked in that district and file all other cases in this district. Any of those choices should have been honored, given the "considerable deference" accorded to plaintiffs' choices. Plaintiffs, obviously, selected the fourth.

5

Plaintiffs rejected filing all cases in a single district in order to maximize the convenience of parties and witnesses to the extent consistent with the goal of concentration of the cases. By filing cases in both the District of Minnesota and the Northern District of Illinois, plaintiffs ensured that 189 plaintiffs, and the branch managers or other witnesses with information about their claims, would not have to travel a great distance for the litigation.

That left a choice between filing the cases for plaintiffs who worked outside Minnesota and the Chicago area in the District of Minnesota or the Northern District of Illinois. Plaintiffs preferred the Northern District of Illinois for two reasons. First, more plaintiffs had worked in Illinois than Minnesota, and it made sense to concentrate the litigation in a single venue insofar as consistent with convenience principles. Second, Chicago has more comprehensive airline service than Minneapolis/St. Paul, making it more convenient for parties and witnesses located outside the two states.

CHRW cannot offset these reasons for favoring the Northern District of Illinois by arguing that the District of Minnesota would be more convenient for witnesses who are executives at CHRW's headquarters. In support of decertification, CHRW successfully argued that decisions about whether employees should be classified as exempt were made by branch managers, not by executives:

> Branch managers are responsible for determining whether an employee is paid on a salaried or hourly basis and whether employees are classified as exempt under the FLSA. These decisions are made at an employee's initial hiring, as well as on-going reassessments when employees are promoted or transfer positions. An employee's exemption status may be adjusted as a result of the compensation review process. Branch managers are also responsible for setting their branch policy with regard to sick leave and employees' hours.

*Carlson*, 2006 U.S. Dist. LEXIS 71483, at **3-4. This determination, which CHRW is judicially estopped from contesting, makes it highly unlikely that headquarters employees will have any significant testimonial role in these cases.

For all these reasons, plaintiffs' choices of venue are eminently reasonable. The Court

should not disturb the decision to file these five cases in the Northern District of Illinois.

Dated: December 14, 2006        <u>s:/ L. Steven Platt</u>
L. Steven Platt
ARNOLD AND KADJAN
19 W. Jackson, 3rd Floor
Chicago, IL 60604
(312) 236-0415

Seymour J. Mansfield (MN Atty # 67271)
Lawrence P. Schaefer (MN Atty # 195583)
Of Counsel to Mansfield Tanick & Cohen
Charles A. Horowitz (MN Atty # 294767)
Jean B. Roth (MN Atty # 0348181)
MANSFIELD TANICK & COHEN
1700 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402-4511
(612) 339-4295

Steven M. Sprenger (DC Atty # 418736)
Michael Lieder (DC Atty # 444273)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W., Suite 500
Washington, D.C. 20005
(202) 265-8010

*Attorneys for Plaintiffs*